IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| GENE ROUSE and DOYLE WILSON, | Civil No. 4:05-CV-00440 |
| Plaintiffs, | |
| v. | |
| WALTER & ASSOCIATES, L.L.C. and MARVIN J. WALTER, | **FIRST AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND COUNTERCLAIM AND THIRD PARTY COMPLAINT** |
| Defendants/Third Party Plaintiffs, | |
| v. | **JURY DEMAND** |
| BIOTRONICS, INC., VIREN AMIN, IOWA STATE UNIVERSITY RESEARCH FOUNDATION, | |
| Third Party Defendants. | |

Defendants Walter & Associates, L.L.C. and Marvin Walter state the following First Amended Answer to Plaintiffs' First Amended Complaint and Counterclaim and Third Party Complaint:

## <u>JURISDICTION AND VENUE</u>

1.    Defendants admit Plaintiffs have pled a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States but deny that the action has any merit.

2.    Defendants admit the allegations of paragraph 2 of Plaintiffs' First Amended Complaint but deny that the copyright registration Plaintiffs have obtained or the action has any merit.

3.     Defendants admit the Court has personal jurisdiction and that venue is appropriate in this judicial district but denies that the action has any merit.

## PARTIES

4.     Defendants deny the allegations of paragraph 4 of Plaintiffs' First Amended Complaint for lack of information sufficient to form a belief.

5.     Defendants deny the allegations of paragraph 5 of Plaintiffs' First Amended Complaint for lack of information sufficient to form a belief.

6.     Defendants admit the allegations of paragraph 6 of Plaintiffs' First Amended Complaint.

7.     Defendants admit the allegations of paragraph 7 of Plaintiffs' First Amended Complaint.

8.     Defendants deny the allegations of paragraph 8 of Plaintiffs' First Amended Complaint.

9.     Defendants deny the allegations of paragraph 9 of Plaintiffs' First Amended Complaint.

## THE COPYRIGHT

10.    Defendants reallege and incorporate herein their answers to paragraphs 1 through 9 of Plaintiffs' First Amended Complaint.

11.    Defendants deny the allegations of the first sentence of paragraph 11 of Plaintiffs' First Amended Complaint.  Defendants admit the second sentence of paragraph 11 of Plaintiff's First Amended Complaint but deny the copyright is valid.

12.     Defendants admit the USOFT software is an integral part of the ultrasound beef quality analysis technology developed by Iowa State University.  Defendants deny the remaining allegations of paragraph 12 of Plaintiffs' First Amended Complaint.

13.     Defendants admit the USOFT software is an integral part of the ultrasound beef quality analysis technology developed by Iowa State University.  Defendant deny the remaining allegations of paragraph 13 of Plaintiffs' First Amended Complaint.

## BACKGROUND

14.     Defendants reallege and incorporate herein their answers to paragraphs 1 through 13 of Plaintiffs' First Amended Complaint.

15.     Defendants admit the allegations of paragraph 15 of Plaintiffs' First Amended Complaint.

16.     Defendants deny the allegations of paragraph 16 of Plaintiffs' First Amended Complaint.

17.     Defendants deny the allegations of paragraph 17 of Plaintiffs' First Amended Complaint.

18.     Defendants admit the allegations of paragraph 18 of Plaintiffs' First Amended Complaint with regard to Mark Henry, but deny the remaining allegations of paragraph 18 and further deny that Plaintiffs have any ownership interest in the USOFT program.

19.     Defendants deny the allegations of paragraph 19 of Plaintiffs' First Amended Complaint.

20.     Defendants admit using the USOFT program for the Classic 200 but deny the remaining allegations of paragraph 20 of Plaintiffs' First Amended Complaint.

21.     Defendants deny the allegations of paragraph 21 of Plaintiff's First Amended Complaint for lack of information sufficient to form a belief.

22.     Defendants deny the allegations of paragraph 22 of Plaintiffs' First Amended Complaint.

23.     Defendants deny the allegations of paragraph 23 of Plaintiffs' First Amended Complaint.

24.     Defendants deny the allegations of paragraph 24 of Plaintiffs' First Amended Complaint.

25.     Defendants deny the allegations of paragraph 25 of Plaintiff's First Amended Complaint for lack of information sufficient to form a belief.

## COUNT I – COPYRIGHT INFRINGEMENT

26.     Defendants reallege and incorporate herein its answers to paragraphs 1 through 25 of Plaintiffs' First Amended Complaint.

27.     Defendants deny the allegations of paragraph 27 of Plaintiffs' First Amended Complaint.

28.     Defendants deny the allegations of paragraph 28 of Plaintiffs' First Amended Complaint.

29.     Defendants deny the allegations of paragraph 29 of Plaintiffs' First Amended Complaint.

30.     Defendants deny the allegations of paragraph 30 of Plaintiffs' First Amended Complaint.

31.     Defendants deny the allegations of paragraph 31 of Plaintiffs' First Amended Complaint.

32.     Defendants deny the allegations of paragraph 32 of Plaintiffs' First Amended Complaint.

33.     Defendants deny the allegations of paragraph 33 of Plaintiffs' First Amended Complaint.

34.     Defendants deny the allegations of paragraph 34 of Plaintiffs' First Amended Complaint.

35.     Defendants deny the allegations of paragraph 35 of Plaintiffs' First Amended Complaint.

36.     Defendants deny the allegations of paragraph 36 of Plaintiffs' First Amended Complaint.

37.     Defendants deny the allegations of paragraph 37 of Plaintiffs' First Amended Complaint.

WHEREFORE, Defendants Walter & Associates, L.L.C. and Marvin Walter respectfully pray that the Court dismiss Plaintiffs' First Amended Complaint, at Plaintiffs' cost and order Plaintiff to pay Defendants' fees for bringing an objectively unreasonable action under 17 U.S.C. § 505.

## **AFFIRMATIVE DEFENSES**

1.     Plaintiffs have failed to state a claim upon which relief can be granted.

2.     Plaintiffs' claim is barred by the applicable statue of limitations.

3.     Plaintiffs' claim is barred by the doctrines of estoppel and laches.

4.      Defendants have operated within the scope of a license.

5.      The copyright owner assigned the copyright to Defendants.

6.      Plaintiffs waived or abandoned any ownership interest they may have had in the copyright.

7.      The matter Plaintiffs allege to be copyrighted is a work made for hire.

8.      Plaintiffs' copyright registration is invalid because the work alleged to be infringed by Defendants was placed in the public domain by the owner of said copyright.

9.      Plaintiffs have made false representations to the copyright office.  Accordingly, Plaintiffs themselves are guilty of inequitable conduct in connection with the USOFT program and come into this Court with unclean hands.

10.     Plaintiffs have been and are knowingly making false accusations against Defendants and are misusing the legal process of a copyright infringement action against Defendants for the improper purpose of thwarting Defendants' rights of free and legal competition with Plaintiffs and others.  Accordingly, Plaintiffs themselves are guilty of inequitable conduct in connection with the USOFT program and come into this Court with unclean hands.

11.     Plaintiffs are barred from recovering statutory damages or attorney fees for the alleged infringement of their alleged copyright in the USOFT program prior to issuance of a certificate of registration from the Register of Copyrights.

## AMENDED COUNTERCLAIM

COME NOW Walter & Associates, L.L.C. and Marvin Walter, L.L.C., and for their cause of action against Gene Rouse, Doyle Wilson, Viren Amin, and Biotronics, Inc. state as follows:

1.        Walter & Associates, L.L.C. is a limited liability company organized under the laws of the State of Iowa with its principal place of business in Ames, Iowa.

2.        On information and belief, Gene Rouse is an individual residing at 539662 90th Street, Huxley, Iowa 50124.

3.        On information and belief, Doyle Wilson is an individual residing at 404 N. Park Blvd., Huxley, Iowa 50124.

4.        On information and belief, Biotronics, Inc. is a corporation organized under the laws of the State of Iowa with its principal place of business at Ames, Iowa.

5.        On information and belief, Viren Amin is an individual residing at 3518 Honeysuckle Road, Ames, Iowa.

6.        Jurisdiction of the counterclaim arises out of the Federal Declaratory Judgment Act, Title 28, United States Code §§2201 and 2202, under the laws of the United States concerning actions relating to copyrights, Title 17, United States Code and, by having filed their Complaint herein, Gene Rouse and Doyle Wilson have submitted themselves to the jurisdiction of this Court.

7.        This is a justiciable controversy between Walter & Associates, L.L.C. and Gene Rouse, Doyle Wilson, and Viren Amin concerning Walter & Associates L.L.C. and Marvin J. Walter's liability for alleged copyright infringement.

8.      At all relevant times, Gene Rouse and Doyle Wilson were employed by Iowa State University ("ISU") as professors in the Department of Animal Science.

9.      At all relevant times, Viren Amin was employed by Iowa State University.

10.     In the course of their employment with ISU, Gene Rouse, Doyle Wilson and Viren Amin developed technology for ultrasound beef quality analysis, including the "USOFT" software program.

11.     In 2001, the Iowa State University Research Foundation, Inc. ("ISURF") licensed the technology to Walter & Associates, L.L.C.

12.     Since the technology was licensed to Walter & Associates, L.L.C., the company has invested significant funds and resources into developing ultrasound beef quality analysis into a commercially viable and successful product.

13.     The USOFT software is an integral part of the ultrasound beef quality analysis technology.

## COUNT I – DECLARATORY JUDGMENT

14.     Walter & Associates L.L.C. and Marvin J. Walter reallege and incorporate herein the allegations of paragraphs 1 through 13 of the Amended Counterclaim.

15.     Walter & Associates L.L.C. has not infringed any copyright of Gene Rouse, Doyle Wilson, or Viren Amin.

16.     Walter & Associates L.L.C. seeks a declaration that it has not infringed any copyright of Gene Rouse, Doyle Wilson, or Viren Amin.

17.     Walter & Associates L.L.C. seeks a declaration that Certificate of Copyright Registration no. TXu001251901 is invalid.

18.     Walter & Associates L.L.C. seeks a declaration that Gene Rouse and Doyle Wilson's claims of copyright infringement be adjudged frivolous, groundless, and objectively unreasonable.

19.     Walter & Associates, L.L.C. seeks a declaration, that Viren Amin has no ownership interest in USOFT.

WHEREFORE, Walter & Associates, L.L.C. and Marvin Walter pray that this Court enter judgment declaring that they have not infringed any copyright of Gene Rouse, Doyle Wilson, and Viren Amin, declaring that Certificate of Copyright Registration no. TXu001251901 is invalid, declaring that Plaintiffs' claims of copyright infringement are frivolous, groundless, and objectively unreasonable and for an award of attorney fees, and such other and further relief as this Court deems appropriate.

## COUNT II – TORTIOUS INTERFERENCE WITH CONTRACT

20.     Walter & Associates, L.L.C. realleges and incorporates herein the allegations of Paragraphs 1 through 19 of the Amended Counterclaim.

21.     Walter & Associates, L.L.C. had ongoing business relationships with field technicians, the American Angus Association and other professional associations within the cattle industry in the United States and Canada and an expectation of the continuation of such relationships.

22.     Gene Rouse, Doyle Wilson and Biotronics knew of the ongoing business relationship.

23.     Gene Rouse, Doyle Wilson and Biotronics intentionally and improperly interfered with the contractual relationship by making false and malicious allegations to field technicians,

the American Angus Association and other professional associations within the cattle industry in the United States and Canada, including but not limited to allegations that Walter & Associates, L.L.C.'s employees were unqualified, its procedures for interpreting and reading images were improper, and Walter & Associates, L.L.C.'s work product was imprecise, unreliable and otherwise defective.

24.     The actions of Gene Rouse, Doyle Wilson and Biotronics were a proximate cause of damage to Walter & Associates, L.L.C.

25.     Such interference was malicious and entitle Walter & Associates, L.L.C. to an award of punitive damages against Gene Rouse, Doyle Wilson and Biotronics.

WHEREFORE, Walter & Associates, L.L.C. prays that this Court enter judgment in its favor and against Gene Rouse, Doyle Wilson and Biotronics, Inc., including an award of damages and for such other and further relief as this Court deems appropriate.

## COUNT III – TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIP

26.     Walter & Associates, L.L.C. realleges and incorporates herein the allegations of Paragraphs 1 through 25 of the Amended Counterclaim.

27.     Walter & Associates, L.L.C. has had business relationships with field technicians, the American Angus Association and other professional associations within the cattle industry in the United States and Canada, and an expectation of the continuation of such relationships.

28.     Gene Rouse, Doyle Wilson and Biotronics knew of the continuing and prospective relationships.

29.     Gene Rouse, Doyle Wilson and Biotronics intentionally and improperly interfered with the relationships by making false and malicious allegations to field technicians, the

American Angus Association and other professional associations within the cattle industry in the

United States and Canada, including but not limited to allegations that Walter & Associates,

L.L.C.'s employees were unqualified, its procedures for interpreting and reading images were

improper, and Walter & Associates, L.L.C.'s work product was imprecise, unreliable, and

otherwise defective.

      30.     As a result of such interference, the business relationships of Walter &

Associates, L.L.C. have been injured.

      31.     Such interference was malicious and entitle Walter & Associates, L.L.C. to an

award of punitive damages against Gene Rouse, Doyle Wilson and Biotronics.

      WHEREFORE, Walter & Associates, L.L.C. prays that this Court enter judgment in its

favor and against Gene Rouse, Doyle Wilson and Biotronics, Inc., including an award of

damages and for such other and further relief as this Court deems appropriate.

## COUNT IV – SLANDER PER SE

      32.     Walter & Associates, L.L.C. realleges and incorporates herein the allegations of

Paragraphs 1 through 31 of the Counterclaim.

      33.     Gene Rouse and Doyle Wilson have orally communicated to Walter & Associates

L.L.C.'s clients and prospective clients that Walter & Associates L.L.C. was using automated

equipment to read and interpret the ultrasound beef quality analysis and/or that Walter &

Associates, L.L.C.'s work product was imprecise, unreliable, and otherwise defective.

      34.     Gene Rouse and Doyle Wilson were acting within the scope of their employment

or agency with Biotronics, Inc. when they made such statements and communications about

Walter & Associates, L.L.C.

35.     The communications are defamatory per se in that they would be reasonably understood as injuring Walter & Associates, L.L.C. in the maintenance of its business or trade.

36.     Gene Rouse and Doyle Wilson caused these statements to be published to third parties.

37.     Gene Rouse and Doyle Wilson's statements are false.

38.     The statements and communications of Gene Rouse and Doyle Wilson were not privileged.

39.     Gene Rouse and Doyle Wilson's statements were known by Gene Rouse and Doyle Wilson to be false or were made by Gene Rouse and Doyle Wilson with reckless disregard for the truth at the time they were made.

40.     Damages to Walter & Associates, L.L.C. may be implied by law from the slanderous per se nature of the statements and communications made by Gene Rouse and Doyle Wilson about Walter & Associates, L.L.C.

41.     Such statements and communications were malicious and entitle Walter & Associates, L.L.C. to an award of punitive damages against Gene Rouse, Doyle Wilson and Biotronics.

WHEREFORE, Walter & Associates, L.L.C. prays that this Court enter judgment in its favor and against Gene Rouse, Doyle Wilson and Biotronics, Inc., including an award of damages and for such other and further relief as this Court deems appropriate.

## COUNT V – NEGLIGENT MISREPRESENTATION

42.    Walter & Associates, L.L.C. realleges and incorporates herein the allegations of Paragraphs 1 through 41 of the Amended Counterclaim.

43.    Gene Rouse and Doyle Wilson represented that Iowa State University Research Foundation, Inc. ("ISURF") owned and could license to Walter & Associates L.L.C. all the software needed to operate a centralized ultrasound processing laboratory.

44.    Based on Gene Rouse and Doyle Wilson's representations to ISURF, Walter & Associates, L.L.C. entered into a licensing agreement and paid royalties to ISURF for software believed to include USOFT.

45.    ISURF in turn paid portions of such royalties to Gene Rouse, Doyle Wilson, and Viren Amin.

46.    Walter & Associates, L.L.C. relied on the truth of the information supplied and was justified in relying on that information.

47.    The negligently supplied information was a proximate cause of damage to Walter & Associates, L.L.C.

WHEREFORE, Walter & Associates, L.L.C. prays that this Court enter judgment in its favor and against Gene Rouse and Doyle Wilson including an award of damages and for such other and further relief as this Court deems appropriate.

## THIRD PARTY COMPLAINT

COMES NOW, Walter & Associates, L.L.C. and for its cause of action against the Iowa State University Research Foundation and Viren Amin, state as follows:

1.      Walter & Associates, L.L.C. is a limited liability company organized under the laws of the State of Iowa with its principal place of business in Ames, Iowa.

2.      Iowa State University Research Foundation, Inc. ("ISURF") is a non-profit Iowa Corporation which manages intellectual property arising from research conducted at Iowa State University.

3.      On information and belief, Viren Amin is an individual residing at 3518 Honeysuckle Road, Ames, Iowa.

## COUNT I – DECLARATORY JUDGMENT

4.      Walter & Associates, L.L.C. realleges and incorporates herein the allegations of its First Amended Answer and Counterclaims, and Paragraph 1 through 3 of the Third Party Complaint.

5.      Walter & Associates L.L.C. seeks a declaration that it has not infringed any copyright of Gene Rouse, Doyle Wilson, or Viren Amin.

6.      Walter & Associates, L.L.C. seeks a declaration, that Viren Amin has no ownership interest in USOFT.

WHEREFORE, Walter & Associates, L.L.C. and Marvin Walter pray that this Court enter judgment declaring that they have not infringed any copyright of Gene Rouse, Doyle Wilson, and Viren Amin, declaring that Certificate of Copyright Registration no. TXu001251901 is invalid, declaring that Plaintiffs' claims of copyright infringement are frivolous, groundless, and objectively unreasonable and for an award of attorney fees, and such other and further relief as this Court deems appropriate.

## COUNT II – NEGLIGENT MISREPRESENTATION

7.      Walter & Associates, L.L.C. realleges and incorporates herein the allegations of its First Amended Answer and Counterclaims, and Paragraph 1 through 6 of the Third Party Complaint.

8.      ISURF negligently supplied information concerning USOFT software to Walter & Associates, L.L.C.

9.      Based on the information, Walter & Associates, L.L.C. entered into a licensing agreement and paid royalties to ISURF for software believed to include USOFT.

10.      Walter & Associates, L.L.C. relied on the truth of the information supplied and was justified in relying on that information.

11.      Walter & Associates, L.L.C. has invested significant funds and resources into developing ultrasound beef quality analysis into a commercially viable and successful product.

12.      The negligently supplied information was a proximate cause of damage to Walter & Associates, L.L.C.

WHEREFORE, Walter & Associates, L.L.C. prays that the Court enter judgment in favor of Walter & Associates, L.L.C. and against the Iowa State University Research Foundation, Inc., including an award of damages and for such other and further relief as this Court deems appropriate.

## COUNT III -- BREACH OF CONTRACT

13.      Walter & Associates, L.L.C. realleges and incorporates herein the allegations of its First Amended Answer and Counterclaims, and Paragraphs 1 through 12 of the Third Party Complaint.

14.     ISURF entered into a contract with Walter and Associates, L.L.C, to license software for the purpose of performing a quality analysis of ultrasound images of live beef cattle.

15.     As consideration for licensing such software, Walter & Associates L.L.C. agreed to compensate ISURF by paying royalties for such software, including USOFT.

16.     Walter & Associates L.L.C. paid royalties to ISURF for its use of the software, including USOFT.

17.     ISURF did not have an ownership interest in USOFT.

WHEREFORE, Walter & Associates, L.L.C. prays that the Court enter judgment in favor of Walter & Associates, L.L.C. and against the Iowa State University Research Foundation, Inc., including an award of damages and for such other and further relief as this Court deems appropriate.

## COUNT IV -- INDEMNIFICATION

18.     Walter & Associates, L.L.C. realleges and incorporates herein the allegations of its First Amended Answer and Counterclaims, and Paragraphs 1 through 17 of the Third Party Complaint.

19.     ISURF represented that it held ownership rights to USOFT sufficient to license the software to Walter & Associates, L.L.C.

20.     To the extent Walter & Associates, L.L.C. has any liability to Gene Rouse and Doyle Wilson, such liability arises solely from the acts of ISURF.

21.     ISURF alone was at fault with respect to copyright infringement.

22.     ISURF is vicariously liable for any judgment entered against Walter & Associates, L.L.C. or Marvin J. Walter.

WHEREFORE, Walter & Associates, L.L.C. pray that this Court enter judgment in favor of and against the Iowa State University Research Foundation, Inc., including an award of damages and for such other and further relief as this Court deems appropriate.

### COUNT V – FRAUDULENT MISREPRESENTATION AND FRAUDULENT INDUCEMENT TO CONTRACT

23.     Walter & Associates, L.L.C. realleges and incorporates herein the allegations of its First Amended Answer and Counterclaims, and Paragraphs 1 through 22 of the Third Party Complaint.

24.     ISURF represented that it held ownership rights to USOFT sufficient to license the software to Walter & Associates, L.L.C.

25.     The representation was material to Walter & Associates, L.L.C.'s decision to enter into a licensing agreement with ISURF.

26.     Walter & Associates, L.L.C. justifiably acted in reliance on the truth of the representation in making the decision to enter into the licensing agreement.

27.     ISURF did not have an ownership interest in USOFT.

28.     ISURF intended to deceive Walter & Associates, L.L.C.

29.     The representation was a proximate cause of damage to Walter & Associates, L.L.C.

WHEREFORE, Walter & Associates, L.L.C. prays that the Court enter judgment in favor of Walter & Associates, L.L.C. and against the Iowa State University Research Foundation, Inc., including an award of damages and for such other and further relief as this Court deems appropriate.

**WALTER & ASSOCIATES, L.L.C. AND MARVIN WALTER HEREBY**

**REQUEST A TRIAL BY JURY ON ALL ISSUES.**

/s/ Randall D. Armentrout, AT0000543
NYEMASTER, GOODE, WEST,
HANSELL & O'BRIEN, P.C.
1416 Buckeye Avenue, Suite 200
Ames, Iowa 50010
Telephone:  515-283-8161
Facsimile:  515-283-8045
E-mail:  rdarmentrout@nyemaster.com

/s/ Debra L. Hulett, AT0003665
NYEMASTER, GOODE, WEST,
HANSELL & O'BRIEN, P.C.
700 Walnut Street, Suite 1600
Des Moines, Iowa 50309
Telephone:  515-283-3100
Facsimile:  515-283-8045
e-mail:  dlhulett@nyemaster.com

ATTORNEYS FOR WALTER &
ASSOCIATES, L.L.C.

CERTIFICATE OF SERVICE

        I hereby certify that on September 20, 2006, I presented the foregoing to the Clerk of the Court for filing and uploading into the ECF system which will send notification of such filing to the following:

Larry Curtis
PASLEY AND SINGER LAW FIRM, L.L.P.
323 Sixth Street
P.O. Box 664
Ames, Iowa  50010
Telephone:  (515) 232-4732
Facsimile:  (515)232-4756

Brian W. Hayes
CARLSON, CASPERS, VANDENBURGH
& LINDQUIST, P.A.
225 South Sixth Street, Suite 3200
Minneapolis, Minnesota  55402
Telephone:  (612) 436-9600
Facsimile:  (612) 436-9605
E-mail:  bhayes@ccvl.com

ATTORNEYS FOR GENE ROUSE
AND DOYLE WILSON


Sharon Soorholtz Greer
CARTWRIGHT, DRUKER & RYDEN
112 West Church Street
Marshalltown, IA  50158
Telephone:  641-752-5467
Fax:  641-752-4370
Email:  Sharon@cdrlaw.com
ATTORNEYS FOR GENE ROUSE,
DOYLE WILSON AND BIOTRONICS, INC.

/s/ Debra L. Hulett, AT0003665
NYEMASTER, GOODE, WEST,
HANSELL & O'BRIEN, P.C.
700 Walnut Street, Suite 1600
Des Moines, Iowa 50309
Telephone:  515-283-3100
Facsimile:  515-283-8045
E-mail:  dlhulett@nyemaster.com